## WOOSTER *v.* WESTERN NEW YORK & P. R. CO.

*(Supreme Court, General Term, Fifth Department.* October 23, 1891.)

**1. MASTER AND SERVANT—NEGLIGENCE—DANGEROUS PREMISES.**

In an action against a railroad company for personal injuries, it appeared that plaintiff, who was a flagman in defendant's employ, after he had coupled some cars, stepped out from between them, and in doing so stepped on a pile of cobble-stones and slipped; that he caught hold of the car to prevent falling, and his hand was crushed. The stones had been piled close to and parallel with the track, to be used in work around the depot, and were about 30 feet long and 2 feet high, sloping towards the track, and at the time of the accident were covered with snow. It did not appear by whose order the stones were placed there, but they had been there for six weeks or more. It also appeared that plaintiff, in effecting the coupling, used an iron pin, instead of a stick, provided by defendant for that purpose. *Held,* that the questions of negligence and contributory negligence were for the jury.

**2. PERSONAL INJURIES—DAMAGES—LOSS OF HAND.**

A railroad employe, at the time of the loss of his hand through the company's negligence, was 29 years old, and was earning $2.30 a day. Afterwards he found it difficult to get work, and when he did find it he was only able to earn a dollar a day. *Held,* that a verdict of $6,500 was not excessive.

Appeal from circuit court, Erie county.

Action by Leonard A. Wooster against the Western New York & Pennsylvania Railroad Company for personal injuries. Verdict and judgment for plaintiff for $6,500. Defendant appeals. Affirmed.

Argued before DWIGHT, P. J., and LEWIS and MACOMBER, JJ.

*John G. Milburn,* for appellant. *Green & Marcy,* for respondent.

LEWIS, J. The plaintiff was a flagman upon the defendant's road, and in attempting to effect the coupling of cars upon a freight train his hand was crushed between the cars, causing the loss of his hand. There was evidence tending to show that the defendant caused to be piled, contiguous to and parallel with the track upon which the train was moving when plaintiff attempted to make the coupling, a large quantity of cobble-stones. The pile was from 25 to 30 feet long, 15 to 24 inches high in the center, and sloping down towards and near the track. It was at the time of the accident covered with snow. After effecting the coupling the plaintiff stepped out from between the cars, and in so doing his foot came in contact with the pile of stones. He slipped, and caught hold of the car, to prevent falling, and his hand was crushed. The stones had been placed there by the defendant's employes to be used for the purpose of ornamentation about posts at the depot. They had been there from six weeks to two months at the time of the accident. It was the duty of defendant to furnish the plaintiff with reasonably safe appliances for the hazardous work they required him to do. It was a question for the jury whether the defendant's negligence did not cause the plaintiff's injuries. It did not very clearly appear by whose direction the stones were placed there. They had, however, been there sufficient time to give defendant notice of their presence. The plaintiff used an iron pin in effecting the coupling, instead of a stick, which had been provided by defendant for that purpose. It was a question for the jury whether the use of the iron pin instead of the stick had anything to do in causing the accident. Plaintiff had effected the coupling, and, had it not been for the presence of the pile of stones, would have probably escaped injury. The plaintiff was, when injured, about 29 years old; was earning $2.30 a day. After the loss of his hand he foun it difficult to find employment, and when employed was only able to get a dol lar a day. He suffered pain, and must, through life, suffer the inconvenience and mortification arising from the loss of his hand. We do not think the verdict of $6,500 excessive. We find no cause for disturbing the verdict. The judgment and order appealed from should be affirmed, with costs against the appellant. All concur.