RICHARD HANNIGAN, Respondent, *v.* THE LEHIGH AND HUDSON RIVER RAILWAY COMPANY, Appellant.

*Negligence — rule of a corporation disregarded by its employee — question for the jury, whether the rule was a live one.*

In an action brought to recover damages resulting from injuries caused by the alleged negligence of the defendant, a railroad company, it was urged that the plaintiff, a brakeman, was guilty of contributory negligence in having failed to use a coupling stick. It appeared that a rule of the defendant, printed upon the back of its time table, required the use of such coupling sticks, and stated that they could be procured at Warwick; but there was evidence tending to show that the rule had never been enforced, and that a brakeman who had applied for them at the storehouse at Warwick had been unable to procure them.

*Held,* that the court properly left it to the jury to say whether the rule was a live one or whether it had ceased to be in force.

APPEAL by the defendant, The Lehigh and Hudson River Railway Company, from a judgment of the Supreme Court in favor of

the plaintiff, entered in the office of the clerk of the county of Orange on the 3d day of January, 1895, upon the verdict of a jury rendered after a trial at the Orange Circuit, with notice of an intention to bring up for review on such appeal an order entered in said clerk's office on the 31st day of December, 1894, denying the defendant's motion for a new trial made upon the minutes.

This action was brought to recover damages resulting from personal injuries sustained by the plaintiff by reason of the alleged negligence of the defendant in failing to provide proper appliances for use in coupling cars.

*John J. Beattie*, for the appellant.

*John W. Lyon*, for the respondent.

PRATT, J. :

The objection chiefly urged against the judgment appealed from is that the plaintiff was guilty of contributory negligence in failing to use a coupling stick. The rules of the company, printed on the back of the time table required their use and stated they could be procured at Warwick. But it was proved that the rule had never been enforced, and that brakemen who had applied for them at the storehouse had been unable to procure them.

On the testimony the court properly left it to the jury to say whether the rule was a live rule, or whether it had ceased to be in force. (*Hays v. Bush & Denslow Mfg. Co.*, 41 Hun, 407.)

The verdict was not excessive. ( *Wooster* v. *Western New York & Penn. R. R. Co.*, 40 N. Y. St. Repr. 844.)

No other question requires discussion.

The judgment must be affirmed, with costs.

DYKMAN, J., concurred; BROWN, P. J., not sitting.

Judgment affirmed, with costs.